ELLEN M. BRONCHETTI (SBN 226975)
ebronchetti@mwe.com
SANIYA AHMED (SBN 315535)
sahmed@mwe.com
**MCDERMOTT WILL & EMERY LLP**
415 Mission St Suite 5600
San Francisco, CA 94105-2616
Telephone: +1 628 218 3800
Facsimile: +1 628 877 0107

Attorneys for Defendant
NOR-CAL BEVERAGE CO., INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION AT SANTA ANA

| | |
|---|---|
| RICARDO ALEXANDER OCAMPO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NOR-CAL BEVERAGE CO., INC., a California corporation with its principal place of business in California, and DOES 1 to 100, inclusive,<br><br>Defendant. | CASE NO.<br><br>[Orange County Superior Court Case No. 30-2021-01226173-CU-OE-CXC]<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>Complaint Filed: May 21, 2021; First Amended Complaint Filed July 21, 2021 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant NOR-CAL BEVERAGE CO., INC. ("Nor-Cal" or "Defendant"), hereby removes the action *Ricardo A. Ocampo v. Nor-Cal Beverage Co., Inc.*, originally commenced in the Superior Court of the State of California in and for the County of Orange, Case No. 30-2021-01226173-CU-OE-CXC, to the United States District Court for the Central District of California.

This Court has original subject matter jurisdiction over this action because of the existence of a federal question. The alleged conduct of which Plaintiff complains was subject to a collective bargaining agreement between Defendant and a labor union that represented Plaintiff during his employment with Defendant. Plaintiff's claims are substantially dependent upon the interpretation of a collective bargaining agreement, and Plaintiff's claims are, therefore, preempted under Section 301 of the Labor Management Relations Act ("LMRA").

In support of this removal, Defendant states the following:

## I.
## BACKGROUND AND SUMMARY OF PLEADINGS

1. Plaintiff RICARDO ALEXANDER OCAMPO ("Plaintiff") is a former employee of Nor-Cal. Plaintiff was employed by Defendant from around January 13, 2021 through April 15, 2021 as a Filler Machine Operator II. Declaration of Terri Erwin In Support of Defendant's Notice of Removal (Erwin Decl.), ¶ 2. During the relevant time period, Plaintiff was a union employee represented by the NOR-CAL BEVERAGE CO., INC. EMPLOYEES' UNION ("Union"). The terms and conditions of Plaintiff's employment was subject to a collective bargaining agreement ("CBA").

2. On October 13, 2021, Plaintiff individually and on behalf of all persons similarly situated filed a complaint in the Superior Court of California, County of

Orange, Case No. 30-2021-01226173-CU-OE-CXC (the "Complaint"). Plaintiff served the Complaint on December 7, 2021. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. In the Complaint, Plaintiff asserts 10 causes of action against Defendant arising out of his employment with Defendant. Specifically, Plaintiff brought claims for: (1) failure to pay all wages owed; (2) failure to pay all overtime wages owed, (3) failure to provide meal periods or pay in lieu thereof, (4) failure to provide rest periods or pay in lieu thereof, (5) failure to provide accurate itemized wage statements, (6) failure to timely pay all wages owed, (7) failure to pay wages timely to separated employees, (8) failure to provide a day of rest, and (9) violation of the unfair competition law. Plaintiff's tenth cause of action against Defendant encompass his claims for PAGA civil penalties for the alleged labor code violations asserted in causes of action 1 through 8.

3. The Complaint did not expressly enumerate claims under federal law and omits that the terms and conditions of Plaintiff's employment were subject to a CBA.

4. Plaintiff seeks to represent all current and former employees employed by Defendant in the State of California as hourly, non-exempt employees and all current and former aggrieved employees of Defendant in the PAGA limitations period.

5. Copies of the Complaint, Civil Case Cover Sheet, Summons, and Proof of Service of Complaint attached hereto as Exhibits A-D, respectively.

## II.
## STATEMENT OF FEDERAL QUESTION JURISDICTION

6. The Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1446(b), in that it is a civil action that presents a federal question.

7. Plaintiff's claims are either based upon or preempted by federal law, specifically Section 301 of the LMRA ("Section 301"). 29 U.S.C. § 185. Under

Section 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

8. Section 301 of the LMRA provides a basis for federal question jurisdiction, and authorizes federal courts to develop a federal common law of CBA interpretation. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988). To ensure uniform interpretations of collective bargaining agreements, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962); *Lingle*, 486 U.S. at 411. Courts use a two-step inquiry to determine if a claim is preempted by Section 301. First, if the "asserted cause of action involves a 'right [that] exists solely as a result of the CBA," then "the claim is preempted and [the] analysis ends there." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (alteration in original) (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). Second, if the "state law right is substantially dependent on analysis" of the CBA, then the claim is preempted. *Curtis*, 913 F.3d at 1153 (quoting *Kobold*, 832 F.3d at 1033).

9. Section 301 has specifically held to preempt state law claims that are substantially dependent upon interpretation of a CBA. *Firestone*, 219 F.3d at 1066-67 (claim preempted by Section 301 where the CBA had to be interpreted to resolve the plaintiff's wage claims). That is true even when interpretation of the CBA is required to evaluate the employer's defense to a plaintiff's state law cause of action. *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled

- 4 -   DEFENDANT'S NOTICE OF REMOVAL

. . . to wages at the level set by the CBA").

10. Adjudicating Plaintiff's Complaint will require interpretation of the CBA. Thus, Section 301 preempts the causes of action in the FAC. *See, e.g.*, *Lingle*, 486 U.S. at 405-06 ("[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted").

### A.
### Plaintiff's Employment Was Governed by a CBA.

11. Plaintiff Ricardo Alexander Ocampo was employed by Defendant from January 2021 to April 2021, earning $19.09 per hour as a Filler Machine Operator II. Erwin Decl., ¶ 2. At all relevant times alleged in the Complaint, the terms and conditions of Plaintiff's employment were subject to a CBA between Defendant and the Union. *Id.* at ¶ 3, Ex A, pp. 1-3.

12. Plaintiff's employment was subject to the CBA between Nor-Cal Beverage Co., Inc. and the Nor-Cal Beverage Co., Inc. Employees' Union, for the effective period of April 1, 2019 to March 31, 2022. Erwin Decl., ¶ 3, Ex. A.

13. At all relevant times alleged in the Complaint, Defendant has been, and is, a company engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a).

14. The Union is a labor organization in which certain employees of Defendant participate and which exists for the purpose of dealing with employees concerning grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work, discipline, and discharge. At all relevant times, the Union has been, and is, a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

15. Article 1 of the CBA specifically recognizes the Union as the collective bargaining representative of covered employees for the purpose of collective

bargaining to establish rates of pay, hours of work, and other conditions of employment.

16. Thus, Plaintiffs' claims require substantial interpretation of a CBA between an employer and a union. Accordingly, the action is preempted by Section 301 of the LMRA, 29 U.S.C. § 185.

### B.
### Plaintiff's Claims are Preempted by the LMRA Because They Require Substantial Interpretation of a CBA.

#### 1.
#### Plaintiff's Failure to Reference Section 301 of the LMRA in Their Complaint Does Not Preclude Removal.

17. The Complaint omits the fact that Plaintiff was a member of the Union and employed by Defendant through a CBA. However, a plaintiff may not be permitted to "'artfully plead" his complaint to conceal the true nature of the complaint. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement). Thus, the fact that Plaintiff did not make specific reference to Section 301 in the Complaint does not preclude removal. The Court may properly look beyond the fact of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal question." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), *overruled in part on other grounds in Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

18. Here, Plaintiff's claims asserted in Plaintiff's Complaint are "founded directly on rights created by collective bargaining agreements" and/or are

substantially dependent on an analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991). To analyze Plaintiff's claims, therefore, the Court will necessarily need to interpret provisions of the relevant CBA.

## 2.
### Resolution of Plaintiff's Claims Will Require Substantial Interpretation of Various Provisions of the CBA.

19. The Court cannot simply look to state law to resolve Plaintiff's artfully pled claims for breach of a CBA. Thus, Plaintiff's claims cannot be adjudicated without interpretation of numerous CBA provisions that govern Plaintiff's employment.

20. Plaintiff asserts claims in the Complaint that require interpretation of the CBA. *See*, *supra* para. 2. Those claims pertain to Plaintiff's dispute regarding wages, hours, overtime, and meal and rest break provisions. Yet, the applicable CBA contains specific language governing wages, hours, overtime, and meal and rest periods. The CBA also provides for a grievance process and requires binding arbitration to resolve any disputes arising under the CBA.

21. **Wages, Hours, and Overtime**: The focus of Plaintiff's wage claims is that Plaintiff and other similarly situated and aggrieved employees were not compensated for the time they spent under Defendant's control. Here, the CBA expressly sets forth the parties' mutual agreement regarding all issues pertaining to employee's wages, including but not limited to minimum wage, overtime pay and applicable wage rates. Article 1 of the CBA states that the Union is the sole and exclusive bargaining agent for all bargaining union employees, and represents workers in all aspects of their employment, including rates of pay, wages, hours of work, and any other conditions of employment affecting any or all employees. Specifically, Schedule A of the CBA deal with job classification and wage rates and overtime rates and set forth the applicable wage for various job categories, including

Plaintiff's position as Filler Machine Operator II, at $19.09 per hour. Erwin Decl., ¶ 3, Ex. A at p. 21-26. Plaintiff's final hourly wage during his employment with Defendant was $19.09, pursuant to the wage terms set forth in the CBA. Erwin Decl., ¶ 2. Article 10 further articulates employee work schedules, providing examples of employee workweeks. Erwin Decl., ¶ 3, Ex. A at pp. 7-8. Article 5 of the CBA provides for a grievance and arbitration procedure for the resolution of disputes regarding wages and other terms and conditions of employment. Erwin Decl., ¶ 3, Ex. A at pp. 3-4. In the event that the parties cannot resolve the matter informally under that procedure, such dispute shall be submitted to binding arbitration. *Id.*, ¶ 3, Ex. A at pp. 3-4.

22. Each of these claims require interpretation of the CBA and hence is preempted by Section 301. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019) (holding employee's overtime claim was controlled by his CBAs and therefore preempted by § 301 of the LMRA); *Roger Jones v. Sysco Ventura Inc., et al. Additional Party Names: Eric Young, Nancy Lark*, No. 221CV04116SVWAGR, 2021 WL 6104193, at *7 (C.D. Cal. Sept. 1, 2021) (holding employee's overtime claim was controlled by his CBA and therefore preempted by § 301 of the LMRA); *Jauregui v. Cytec Engineered Materials, Inc.*, No. SACV2100320DOCDFMX, 2021 WL 1153992, at *4 (C.D. Cal. Mar. 26, 2021) (holding employee's overtime claims in putative class action against employer were properly removed because the state law claims were preempted by the LMRA).

23. In addition to the above, Plaintiff's overtime claim is also preempted under Section 301 because the CBA exemption provided for in Labor Code § 514 applies here and will therefore necessarily require an interpretation of the CBA. Labor Code § 514 provides that "[Labor Code] Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of employees, and if the agreement provides premium wage rates for all overtime hours

worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

24. Here, the applicable CBA contains these preconditions, and includes terms of wages, hours of work, working condition of employees, and provides for the payment of premium wage rates for overtime hours worked and a regular hourly rate that is not less than 30% more than the minimum wage. *See* Erwin Decl., ¶ 3, Ex. A at pp. 21-26. Hence, Plaintiff's overtime claim is preempted by Section 301. *Partida v. Stater Bros. Markets*, No. EDCV1802600SJOKKX, 2019 WL 351874, at *6 (C.D. Cal. Jan. 29, 2019) (LMRA 301 preemption applies where Section 514 preconditions met); *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, No. 2:15-CV-02862-ODW EX, 2015 WL 3970293, at *7 (C.D. Cal. June 30, 2015) (denying a remand motion because Plaintiff's wage claims were intertwined with the provisions of the CBA and therefore preempted by LMRA 301).

25. **Meal and Rest Periods:** The CBA also sets forth the parties' mutual agreement regarding all issues pertaining to employee's meal periods. Specifically, Article 10 of the Agreements provides:

Workers are provided with unpaid time off for a meal period as follows:

> All employees will be provided with unpaid time off for a meal period(s) in accordance with the relevant California Wage Order and the federal Fair Labor Standards Act. Employees shall stagger their meal periods so as to avoid interfering with efficient production. Should the production line shut down, employees not involved in the startup process will take any unused break, including meal period, at that time unless otherwise instructed.

The CBA addresses rest periods as follows:

> All employees shall be allowed paid breaks at the rate of 10 minutes per four-hour shift. Employees who are working an 8-hour per day shift, such employees shall receive a 10-minute break during the first half of the shift, and a 10-

> minute break during the last half of the shift.
>
> Employees who are working a 10-hour per day shift, the employee shall receive a 15-minute break in the first half of this shift and a 15-minute break during the second half of the shift.
>
> Employees shall stagger their breaks so as to avoid interfering with efficient production. Should the production line shut down, employees not involved in the startup process will take any unused break, including meal period, at that time unless otherwise instructed.

Erwin Decl., ¶ 3, Ex. A at pp. 7-8.

26.  The CBA explicitly provides for meal and rest period terms that control and govern meal and rest breaks. Section 301 preempts the meal and rest break claims.  The Court will necessarily be required to interpret the above provisions of the CBA in order to decide Plaintiff's claims for meal and rest break provisions.

27.  **Grievance and Arbitration Procedure:** The CBA also expressly calls for final and binding arbitration for any disputes concerning disputes about wage and hour issues (including minimum wages and overtime claims), meal and rest periods, as well as employee works schedules. The CBA provides the following:

> The word grievance as used in this Agreement is limited to a complaint arising out of a condition which occurs during the term of this Agreement and involves the interpretation, application or compliance with an express provision or provisions of this Agreement.

Erwin Decl., ¶ 3, Ex. A at p. 3-4.

28.  The CBA provides that all grievances must be resolved by following the proscribed procedures.  Erwin Decl., ¶ 3, Ex. A at p. 3.  A grievance that is not resolved becomes the subject to the CBA's arbitration procedures, also detailed in the CBA.  *Id.* ¶ 3, Ex. A at p. 3.

29. As explained by the Ninth Circuit in *Curtis*, "federal preemption under § 301 is an essential component of federal labor policy" *Curtis*, 913 F.3d at 1152. The Court further articulated "[A] CBA is designed to govern the entire employment relationship, including disputes which the drafters may not have anticipated… Accordingly, the labor arbitrator is usually the appropriate adjudicator for CBA disputes because he was chosen due to the parties' confidence in his knowledge of the common law of the shop and their trust in his personal judgment to bring to bear considerations which are not expressed in the contract as criteria for judgment…[Moreover] grievance and arbitration procedures provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process." *Id*. (internal quotations and citations omitted).

30. Plaintiff's claims here are preempted under Section 301 because they arise under the Labor Code provisions that are expressly carved out in the parties' CBA for resolution through the agreed-upon grievance and arbitration procedure.

31. Accordingly, Plaintiff's claims are substantially dependent upon the interpretation of the foregoing CBA's terms and provisions. The terms and conditions govern nearly all of the conduct which forms that basis for Plaintiff's Complaint, and thus are essential to the resolution of Plaintiff's claims. As such, each of Plaintiff's claims discussed above arise under Section 301 of the LMRA and are therefore preempted by federal law. Removal to federal court is therefore warranted.

## III.

## SUPPLEMENTAL JURISDICTION

32. To the extent that some of the claims alleged in the Complaint do not raise federal questions (and/or are not preempted by Section 301 of the LMRA), such claims are removable under 28 U.S.C. § 1367, because they relate to and emanate from the same employment relationship between Plaintiff and Defendant that is the subject of the federal question claim. This Court has jurisdiction over such state law

claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(a), because they are so related to the federal claims so as to form a part of the same case or controversy under Article III of the U.S. Constitution, and they are substantially related to and arise out of the same nucleus of operative facts as Plaintiff's claims arising under the LMRA such that they should be tried in one action. *See Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint as well. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966).

## IV.
## TIMELINESS OF REMOVAL

33. Under 28 U.S.C. section 1446(b)(1), a notice of removal is timely if it is filed within 30 days of the defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which the removed action is based. The 30-day window does not begin to run until formal service of a summons and complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Defendant was served with a summons and copy of Plaintiff's Complaint on December 7, 2021. Therefore, this Notice of Removal is timely.

## V.
## JOINDER

34. Defendant is not aware of any other defendant having been served with a copy of Plaintiff's Complaint, and the requirements of 28 U.S.C. § 1446(b)(2)(A) are met.

## VI.
## VENUE

35. Venue is proper in this Court pursuant to 28 U.S.C. § 84(c) and 1391.

# VIII.

## NOTICE TO PLAINTIFF

36. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Orange.

37. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served upon such Defendant" or filed by Defendant are attached hereto as exhibits, including the Complaint (Exhibit A); Civil Case Cover Sheet (Exhibit B); Summons (Exhibit C); Proof of Service of the Complaint (Exhibit D).

**WHEREFORE**, Defendant respectfully requests that the above action pending before the Superior Court of the State of California, County of Orange, be removed to the United States District Court for the Central District of California.

Dated: January 6, 2022       **MCDERMOTT WILL & EMERY LLP**

By:   */s/ Ellen M. Bronchetti*
      ELLEN M. BRONCHETTI
      SANIYA AHMED
      Attorneys for Defendant
      NOR-CAL BEVERAGE CO., INC.