**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
(858) 375-7385
Fax: (888) 422-5191

Attorneys for Plaintiff and the Putative Class

Assigned for all Purposes
Judge James J. Di Cesare

C-16

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

RICARDO ALEXANDER OCAMPO, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

NOR-CAL BEVERAGE CO., INC., a California corporation with its principal place of business in California, and DOES 1 to 100, inclusive

        Defendants.

CASE NO: 30-2021-01226173-CU-OE-CXC

**CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR**

**(1) FAILURE TO PAY ALL WAGES OWED (LABOR CODE §§ 1194, 1194.2, 1198, AND WAGE ORDER NO. 1);**
**(2) FAILURE TO PAY ALL OVERTIME WAGES OWED (LABOR CODE §§ 510, 1194, 1194.2, 1198, AND WAGE ORDER NO. 1)**
**(3) FAILURE TO PROVIDE MEAL PERIODS AND PAY MISSED MEAL PERIOD PREMIUMS (LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 1);**
**(4) FAILURE TO PROVIDE PAID REST BREAKS AND PAY MISSED REST BREAK PREMIUMS (LABOR CODE §§ 226.7; IWC WAGE ORDER NO. 1);**
**(5) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (LABOR CODE § 226 AND 226.3);**
**(6) FAILURE TO PAY ALL WAGES OWED IN A TIMELY MANNER (LABOR CODE §204);**
**(7) WAITING TIME PENALTIES (LABOR CODE § 201 – 203);**
**(8) FAILURE TO PROVIDE A DAY OF REST (LABOR CODE §§ 551 AND 552);**
**(9) PAGA AND OTHER PENALTIES (LABOR CODE §§ 2699, et seq., and 558) AND**
**(10) UNFAIR COMPETITION IN**

**VIOLATION OF CALIFORNIA BUSINESS
& PROFESSIONS CODE §17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

Plaintiff Ricardo Alexander Ocampo ("Plaintiff"), on behalf of himself, the State of California, and all others similarly situated (hereinafter "Class Members") complains and alleges as follows:

### OVERVIEW OF CLAIMS

1.      Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action, as a representative action pursuant to the Labor Code and on behalf of the California general public, against Defendants Nor-Cal Beverage Co., Inc. ("Nor-Cal") and DOES 1 to 100 (collectively "Defendants") for their (1) failure to pay Plaintiff and his fellow employees in California all wages owed; (2) failure to pay Plaintiff and his fellow employees in California all overtime wages owed; (3) failure to provide Plaintiff and his fellow employees meal periods and pay missed meal period premiums; (4) failure to provide Plaintiff and his fellow employees paid rest breaks and pay rest break premiums; (5) failure to provide accurate wage statements to Plaintiff and his fellow employees within the four years prior to the filing of this Complaint; (6) failure to pay all wages owed in a timely manner; (7) failure to pay all wages due to former employees based on the foregoing; (8) failure to provide a day of rest; (9) violation of PAGA; and (9) unfair business practices based on the foregoing.  As a result of the foregoing, Defendants have violated California statutory laws as described below.

2.      The "Class Period" is designated as the period from four years prior to the filing of this Complaint trough the trial date. Defendants' violations of California's wage and hour laws and unfair competition laws, as described more fully below, have been ongoing throughout the Class Period.

### VENUE

3.      Venue is proper in this county under section 395.5 of the California Code of Civil Procedure.  Many, if not all, of the putative Class Members were employed and/or performed work

during the Class Period by Defendants in Orange County. Many of the acts alleged herein including Defendant's failure to pay all wages and overtime wages owed, failure to provide Labor Code complaint paid meal and rest periods and pay missed meal period and rest break premiums, and failure to provide a rest day, occurred in Orange County. Venue is therefore proper in Orange County.

## JURISDICTION

4.      Defendants are within the jurisdiction of this Court. Defendants transact millions of dollars as an independent beverage co-packer throughout the State of California, including in the County of Orange. Thus, Defendants have obtained the benefits of the laws of the State of California. In addition, Plaintiff asserts no claims arising under federal law. Rather, Plaintiff brings causes of action based solely on, and arising from, California law. The claims of the Class are also based solely on California law described herein.

5.      Further, this action is not amenable to federal jurisdiction pursuant to 28 U.S.C. §1332, as (1) more than two-thirds of the members of the Class as defined below are citizens of the state of California,(2) the defendants from whom significant relief is sought (Nor-Cal Beverage Co., Inc.), whose alleged conduct forms a significant basis for the claims asserted by the Class, has its principal office in the state of California, and (3) the principal injuries resulting from the conduct alleged herein incurred in the state of California.

## THE PARTIES

A.      **The Plaintiff**

6.      Plaintiff is a California resident and, from January 13, 2021 through April 15, 2021, was employed by Defendants as a Filler Machine Operator II in California. At all relevant times, Plaintiff was hired to provide machine operation services for Defendants. At all relevant times through the present, and on-going, Defendants' employees, including Plaintiff during his and their employment, were not paid by Defendants for all wages and overtime wages owed; did not receive

premium payments for having been provided only unpaid rest periods; were not provided timely duty free meal breaks or paid missed meal break premiums; were not provided accurate and/or complete wage statements; were not paid all wages owed within seven days of the close of payroll; did not receive all of their wages due upon termination of employment; and were not provided a day of rest.

7.      Plaintiff seeks to represent the following classes:

(a)      all individuals who are or were employed by Defendant or its predecessor or merged entities in California as hourly, non-exempt employees, who worked for shifts over 10 hours and were not provided with second meal periods during the Class Period ("meal period class members");

(b)      all individuals who are or were employed by Defendant or its predecessor or merged entities in California as hourly, non-exempt employees, who worked shifts in excess of three and a half hours during the Class Period ("rest period class members");

(c)      all individuals who are or were employed by Defendant, or its predecessor or merged entities in California as hourly, non-exempt employees, who work or worked in excess of eight hours in a day or forty hours in a workweek  during the Class Period ("overtime class members");

(d)      all individuals who are or were employed by Defendant, or its predecessor or merged entities in California as hourly, non-exempt employees during the Class Period ("wage statement class members"); and

(e)      all individuals who are or were employed by Defendant, or its predecessor or merged entities in California as hourly, non-exempt employees who were not provided rest days during the Class Period ("rest day class members").

 (collectively referred to as "Class Members" and/or the "Class");

**B.      The Defendants**

8.      Defendant Nor-Cal Beverage Co., Inc., is a California corporation headquartered in West Sacramento, California. Defendant Nor-Cal is a company that boasts of being the largest

independent beverage co-packer west of the Mississippi and a highly-respected equipment solutions provider. To provide its services, Defendant employs machine operators, such as the Plaintiff and the Class Members.

9.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Class Members.

11.     California courts have recognized that the definition of "employer" for purposes of enforcement of the California Labor Code goes beyond the concept of traditional employment to reach irregular working arrangements for the purpose of preventing evasion and subterfuge of California's labor laws. *Martinez v. Combs* (2010) 49 Cal. 4th 35, 65. As such, anyone who directly or indirectly, or through an agent or any other person, engages, suffers, or permits any person to work or exercises control over the wages, hours, or working conditions of any person, may be liable for violations of the California Labor Code as to that person. Cal. Labor Code §§558 and 558.1.

12.     California law also permits and recognizes the piercing of a corporate veil between sister companies and under the single enterprise rule. *Hasso v. Hapke* (2014) 227 Cal. App. 4th 107, 155; *Greenspan v. LADT, LLC* (2010) 191 Cal. App. 4th 486, 512. The single enterprise rule applies where "there are two or more personalities, there is but one enterprise; and that this

enterprise has been so handled that it should respond, as a whole, for the debts of certain component elements of it." *Hasso* 227 Cal. App. 4th at 155; *Greenspan*, 191 Cal. App. 4th at 512.

## FACTUAL ALLEGATIONS

13.     Plaintiff and the Class Members are and were employed by Nor-Cal Beverage Co., Inc., a company that boasts of being the largest independent beverage co-packer west of the Mississippi and a highly-respected equipment solutions provider.

14.     Plaintiff was hired as a Filler Machine Operator II assigned to Defendant's production facility in West Sacramento on January 13, 2021 until he resigned on April 15, 2021. Defendant paid Plaintiff $18.58 per hour.

15.     Like all Class Members, Plaintiff was not provided with a second meal period even if he worked for shifts over 10 hours.

16.     In addition, Plaintiff and the Class Members were only given two 15-minute breaks although they worked for at least 12 hours daily. In most instances, the breaks were taken late or not given at all.

17.     When Plaintiff joined the company, Defendant informed him that he will be paid overtime for work rendered beyond 40 hours per week. Although Plaintiff worked for at least 60 hours every week, he was not paid for his overtime work. Plaintiff would be paid for around four hours of overtime on some weeks and none at all on most weeks.

18.     Finally, in many instances, Plaintiff and the Class Members were made to work seven consecutive days without being given any rest days.

19.     Labor Code § 1197 states the California requirement that employees must be paid at least the minimum wage fixed by the Commission, and any payment of less than the minimum wage is unlawful.

20.     Labor Code § 1194 entitles "any employee receiving less than the legal minimum wage…to recover in a civil action the unpaid balance of the full amount of this minimum wage."

21.     IWC Wage Order 1-2001 § 4 also obligates employers to pay each employee

1    minimum wages for all hours worked.

2          22.     As noted above, Plaintiff and the Class Members were only compensated for 40

3    hours of work each week, even if they worked for at least 60 hours weekly. While they would be

4    paid for a few hours of overtime on some weeks, no overtime was paid on most weeks.

5          23.     Plaintiff and the Class Members were also not provided with second meal periods

6    and additional rest breaks even if they worked for at least 12 hours daily. In most instances, the

7    breaks were taken late or not given at all. As a result, Plaintiff and the Class Members are not

8    compensated for all hours worked.

9          24.     In 2018, the California Supreme Court held in *Troester v. Starbucks, Inc.* (2018) 5

10   Cal.5th 829, that an employee must be compensated for any time in which they are under the

11   control of their employer, and performing work, even if that amount of time, as here, is limited to a

12   few minutes per day. Thus, by not compensating Plaintiff and the Class Members for the time

13   spent working beyond 40 hours per week and by not providing Plaintiff and the Class Members

14   with second meal periods and additional rest breaks even if they worked for at least 12 hours every

15   day, Defendant has violated the Labor Code and the Wage Order.

16         25.     Labor Code § 1194.2 authorizes employees to recover wages to recover liquidated

17   damages for violations of Labor Code § 1194. Where an employee, as Plaintiff and the Class

18   Members are not paid for all hours worked under Labor Code § 1194, the employee may recover

19   minimum wages for the time associated with the overtime for which they received no

20   compensation. (See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015) 154 F. Supp. 3d 891

21   [holding that employees suing for failure to pay overtime could recover liquidated damages under

22   § 1194.2 if they also showed they were paid less than minimum wage]; accord *Andrade v. Arby's*

23   *Rest. Grp., Inc.* (N.D. Cal. Dec. 12, 2016) No. 15-cv-03175 NC, 2016 U.S. Dist. LEXIS 172319, at

24   *20-21.) Since Defendant failed to provide Plaintiff and all Class Members with compensation for

25   all hours worked, including overtime hours, each are entitled to recover liquidated damages under

26   Labor Code § 1194.2. Based upon these same factual allegations, Plaintiff also seeks penalties on

27   behalf of all Class Members penalties under Labor Code § 1199.

28

26.     Labor Code § 512 requires employers to provide employees with thirty (30) minute uninterrupted and duty-free meal period within the first five hours of work.  "An on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-duty paid meal break." (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal. App. 5th 926, 932.)  The written agreement must include a provision allowing the employee to revoke it at any time.  *Id.*

27.     Generally, the DLSE and courts have "found that the nature of the work exception applies: '(1) where the work has some particular external force that requires the employee to be on duty at all times, and (2) where the employee is the sole employee of a particular employer." (Id. at p. 945; *Abdullah v. U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958–959.) "[I]t is the employer's obligation to determine whether the nature of the work prevents an employee from being relieved before requiring an employee to take an on-duty meal period." (*Lubin, supra*, 5 Cal. App. 5th at p. 946.) Nor may an employer "discharge its duty by arguing that its clients who requested on-duty meal periods determined that the nature of the work prevented officers from being relieved of all duty." (Id. at p. 947; *Benton, supra*, 220 Cal. App. 4th at p. 729.

28.     As with rest periods, under Labor Code § 512, if an employer maintains a uniform policy that does not authorize and permit the amount of meal time called for under the law (as specified in the applicable Wage Order), "it has violated the wage order and is liable."  The Brinker Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—***it has violated the wage order and is liable***.   *Brinker Rest. Corp. v. Sup. Ct.* (2012) 53 Cal.4th 1004, 1033. (Emphasis added.)

29.     As a result of its meal period policies of not providing second meal periods even if Plaintiff and the Class Members work for shifts over 10 hours each day, Defendant violated Labor Code § 512 and IWC Wage Order No. 1 by failing to provide second duty-free meal periods to Plaintiff and the Class Members of 30 minutes or more.

30.     Thus, Defendant unlawfully retained control of Plaintiff and the Class Members during their meal periods, even though the nature of the work did not necessitate an on-duty meal period (and by failing to enter into proper on-duty meal period agreements). See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 275 (holding that on-premises breaks violate California law). As a result of Defendant's failure to authorize or permit lawful meal periods, Plaintiff and the Class Members did not receive second meal periods even if they worked for more than 10 hours per day. Defendant also failed to pay Plaintiff and the meal period class members meal period premiums for each workday that the employees did not receive a compliant second meal period.

31.     Labor Code § 226.7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC"). Similarly, IWC Wage Order 1-2001 prohibits an employer from "employ[ing] any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes. IWC Wage Order 1-2001 further obligates employers to provide an employee to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Accordingly, for each day that Plaintiff and the Class Members did not receive compliant meal periods, they are entitled to receive meal period premiums pursuant to Labor Code § 226.7 and Wage Order 1-2001.

32.     Pursuant to Labor Code § 226.7, and Wage Order 1-2001, Defendant failed to provide Plaintiff and the Class Members with duty-free rest periods of not less than ten (10) minutes for every major fraction of four hours worked.

33.     Labor Code § 226. 7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC")." Under IWC Wage Order 1-2001 an employer must authorize and permit all employees to take ten (10) minute duty free rest periods for every major fraction of four hours worked.

34.     Defendant failed to implement a lawful rest period policy that informed Plaintiff and the Class Members of their right to receive lawful rest periods for shifts greater than 3.5 hours. Although Plaintiff and the Class Members worked for at least 12 hours per day, Defendant only provided them with two (2) 15-minute breaks. In most instances, the breaks were taken late or not given at all. To the extent that Plaintiff and the rest period class members could stop work during their shifts, they were nonetheless on-call, and were not provided with duty-free rest periods. See *Augustus v. ABM Security Services, Inc.*, 2 Cal.5th 257 (2016) (holding that on-duty rest breaks violate California law).

35.     Pursuant to Labor Code § 226.7 and Wage Order 1-2001, Defendant failed to provide Plaintiff and the Class Members with duty-free rest periods of not less than ten (10) minutes for every major fraction of four (4) hours worked.

36.     The Brinker Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not-if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required-*it has violated the wage order and is liable*. *Brinker Rest. Corp. v. Sup. Ct*., supra, 53 Cal.4th at 1033. (Emphasis added.)

37.     Since Defendant did not offer employees the opportunity to receive a compliant off-duty ten minute rest periods, "the court may not conclude employees voluntarily chose to skip ... breaks." *Alberts v. Aurora Behavioral Health Care*, (2015) 241 Cal. App. 4th 388, 410 ("[i]f an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); accord *Brinker Rest. Corp. v. Sup. Ct*., *supra*, 53 Cal.4th at 1033 ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

38.     Even an employer who maintains an otherwise compliant rest period policy, "reminded their employees of their availability-and the importance-of taking breaks on a daily

basis, and even went so far as to conduct regular audits to ensure that employees were being offered rest breaks" will still be liable for rest period violations if the employees were not separately or properly compensated for the non-productive time associated with rest periods under a piece-rate compensation system. *Amaro v. Gerawan Farming, Inc.,* 2016 U.S. Dist. LEXIS 66842 * (E.D. Cal. May 19, 2016) aff'd *Amaro v. Gerawan*, 2016 U.S. Dist. LEXIS 112540, 2016 WL 4440966, at * 11 (E.D. Cal. Aug. 22, 2016); rev. denied by 9th Cir. (9th Cir. Nov. 16, 2016).

39.    In addition, Plaintiff and the Class Members were not compensated with one (1) hours' worth of pay at their regular rate of compensation when they were not provided with a compliant rest period.

40.    Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. Further, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work. In accordance with Labor Code § 1194, Plaintiff and the overtime class members could not then agree and cannot now agree to work for a lesser wage than the amount proscribed by Labor Code §§ 510 and 1194.

41.    For the reasons stated above, Plaintiff and the overtime class members worked certain hours for which they were not paid. Plaintiff and the overtime class members had to work beyond 40 hours each week.  This time amounts and amounted to at least 20 hours per week. Because Plaintiff and the Class Members spent eight hours or more working on "compensated" time, this uncompensated time for work done beyond eight hours each day and the lack of second meal periods and additional rest breaks should have been compensated at the overtime rate. Instead, no compensation was paid at all, in violation of Cal. Labor Code §§ 510, 1194, and Wage Order 1-2001.  Plaintiff is an aggrieved employee for purposes of seeking penalties under PAGA.

42.    Labor Code § 204 expressly requires that "[a]ll wages…earned by any person in

any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Pursuant to Labor Code § 204(d), these requirements are "deemed satisfied by the payment of wages for weekly, biweekly or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

43.     Due to Defendant's failure to pay Plaintiff and the Class Members for all rest and meal period premiums, all hours worked, and overtime, Defendant failed to timely pay the Class Members within seven (7) days of the close of the payroll period in accordance with Labor Code § 204 on a regular and consistent basis. See *Parson v. Golden State FC, LLC*, 2016 U.S. Dist. LEXIS 58299, 2016 WL 1734010, at *3-5 (N.D. Cal. May 2, 2016) (finding after Ling that a failure to pay rest period premiums can support claims under Labor Code §§ 203 and 204).

44.     Labor Code § 210 provides that "in addition to, an entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections…204…shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the faulty compensation policies and practices described in detail above, Plaintiff and the Class Members are entitled to recover penalties under Labor Code § 210.

45.     As a result of Defendant's failure to pay wages to Plaintiff and the Class Members, for all hours worked, overtime wages, meal period minimum wages, and meal/rest period premiums, Defendant violated Labor Code § 203.  Labor Code § 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty. . ." for up to 30 days.  Lab. Code § 203; *Mamika v. Barca*, (1998) 68 Cal.App.4th 487, 492.

46.     Due to Defendant's faulty policies described above, all Class Members whose employment with Defendant concluded were not compensated at the appropriate rate.

Additionally, Defendant has failed to pay all Class Members for all hours worked, overtime wages, meal period premiums, and rest period premiums, whose sums were certain, at the time of termination or within seventy-two (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter.

47.     As to Plaintiff and all Class Members, Defendants also failed to provide accurate itemized wage statements in accordance with Labor Code § 226(a)(1, 2, 5, 9). Labor Code § 226 obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

> (1) gross wages earned;
> (2) total hours worked by the employee;
> (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate;
> (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;
> (5) net wages earned;
> (6) the inclusive dates of the period for which the employee is paid;
> (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;
> (8) the name and address of the legal entity that is the employer…;
> (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

48.     Similarly, Labor Code § 226(e) provides:

> (e) (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.
> (2) (A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
> (B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
> > (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information

required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

49. Due to Defendant's failure to provide Plaintiff and the Class Members lawful meal and rest periods (and pay missed rest period premiums), the wage statements issued by Defendant do not indicate the correct amount of gross wages earned, the correct total hours worked, the correct net wages earned, or the applicable and/or correct hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code § 226(a)(1), (2), (5) and (9).

50. Thus, Defendant has violated Labor Code § 226(a)(1), (2), (5), and (9) with respect to Plaintiff and the Class Members.

51. Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." As explained in detail above, Defendant failed to provide Plaintiff and the Class Members with accurate itemized wage statements. Accordingly, Plaintiff and the Class Members may also recover Labor Code § 226.3 penalties for Defendant's violations of Labor Code § 226(a). See *Finder v. Leprino Foods Co.* (E.D. Cal. Mar. 12, 2015) No. 1:13-CV-2059 AWI-BAM, 2015 WL 1137151, at *7 ["the weight of authority counsels that violations of Section 226.3 may be the basis of a PAGA claim."]; *Pedroza v. PetSmart, Inc.,* No. ED CV 11-298 GHK DTB, 2012 WL 9506073, at *6 (C.D.

Cal. June 14, 2012) ("Lab. Code § 226.3 merely provides that failure to perform actions mandated by § 226(a) may trigger civil penalties.").

52.     Further, Defendant failed to provide Plaintiff and the Class Members rest days in accordance with Labor Code §§ 551 and 552, which provide as follows:

551. Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven.

552.  No employer of labor shall cause his employees to work more than six days in seven.

53.     Despite these requirements under the law, Defendant made Plaintiff and the Class Members work for seven consecutive days on several workweeks without providing them with rest days, in violation of Labor Code §§ 551 and 552.  *Mendoza v. Nordstrom, Inc.*, 2 Cal. 5th 1074, 1083 (2017). Further, Plaintiff and the Class Members do not fall within any exception to Labor Code §§ 551 and 552. They are not part-time employees as defined by Labor Code §556, as each works in excess of 30 hours in a workweek, and more than 6 hours in any one day of that workweek. Further, the nature of the work does not fit within any of the exceptions illuminated in Labor Code § 554, nor does it necessarily create a need to work more than seven consecutive days. As a result, Defendant has violated Labor Code §§ 551 and 552.

**CLASS ACTION ALLEGATIONS**

54.     Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382.

55.     Plaintiff seeks to represent the following classes:

(a)     all individuals who are or were employed by Defendant or its predecessor or merged entities in California as hourly, non-exempt employees, who worked for shifts over 10 hours and were not provided with second meal periods during the Class Period ("meal period class members");

(b)     all individuals who are or were employed by Defendant or its predecessor or

merged entities in California as hourly, non-exempt employees, who worked shifts in excess of three and a half hours during the Class Period ("rest period class members");

(c)     all individuals who are or were employed by Defendant, or its predecessor or merged entities in California as hourly, non-exempt employees, who work or worked in excess of eight hours in a day or forty hours in a workweek  during the Class Period ("overtime class members");

(d)     all individuals who are or were employed by Defendant, or its predecessor or merged entities in California as hourly, non-exempt employees during the Class Period ("wage statement class members"); and

(e)     all individuals who are or were employed by Defendant, or its predecessor or merged entities in California as hourly, non-exempt employees who were not provided rest days during the Class Period ("rest day class members").

56.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class:

a.     Numerosity:   The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have, on average, during the Class Period employed over 200 Class Members.  The Class Members are dispersed throughout California.  Joinder of all members of the proposed classes is therefore not practicable.

b.     Commonality:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i.  Whether Defendants violated sections 1194, 1194.2, and 1198 of the Labor Code by failing to pay Plaintiff and the members of the Class for all wages owed during the Class

1    Period;

2         ii.   Whether Defendants violated Section 12 of IWC Wage Order No. 1 by

3    failing to provide paid rest periods to Plaintiff and the members of the Class in California during

4    the Class Period;

5         iii.   Whether Defendants violated Labor Code section 226.7 by failing to provide

6    one hour of premium pay to each member of the Class for each day that a paid rest period was not

7    provided in California during the Class Period;

8         iv.   Whether Defendants violated Labor Code sections 512 and 226.7, and

9    section 11 of IWC Wage Order No. 1 by failing to pay one hour of premium pay to each member of

10   the Class for each day that an unpaid meal break was not provided during the Class Period;

11        v.   Whether Defendants violated Sections 510, 1194, 1194.2, and 1198 of the

12   Labor Code and IWC Wage Order No. 1 during the Class Period by failing to pay Plaintiff and the

13   Class Members all overtime wages owed;

14        vi.   Whether Defendants violated Labor Code sections 221, 400-410, and Wage

15   Order no. 1, section 8, by deducting uniform and 401(k) costs from the pay of Plaintiff and the

16   Class Members in accordance with Defendants' policies;

17        vii.   Whether Defendants violated Labor Code sections 204 and 210 by failing to

18   pay Plaintiff and the Class Members all wages owed with seven days of the close of payroll;

19        viii.   Whether Defendants violated Section 203 of the Labor Code by failing to pay

20   members of the Waiting Time Penalty Subclass (those class members who have terminated their

21   employment with the Defendants) for all wages due to them (including their pay due for unpaid rest

22   breaks) upon their separation of employment from Defendant;

23        ix.   Whether Defendants failed to provide Plaintiff and the Class Members

24   complete wage statements in violation of Labor Code Section 226(a);

25        x.   Whether Defendants violated Labor Code sections 551 and 552 by failing to

26   provide Plaintiff and the Class Members a day of rest;

27        xi.   Whether Defendants engaged in an unfair practice and violated section

28

17200 of the California Business and Professions Code by failing to pay Plaintiff and the members of the Class for all wages and overtimes wages owed during the Class Period;

xii.   Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide paid rest breaks to members of the Class in violation of Labor Code section 226.7 and Section 12 of IWC Wage Order No. 1;

xiii.   Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide off-duty meal breaks to members of the Class in violation of Labor Code sections 512, 226.7 and Section 11 of IWC Wage Order No. 1;

xiv.   Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide rest days to members of the Class in violation of Labor Code sections 551 and 552;

xv.   Whether Plaintiff and the Class are entitled to restitution under Business and Professions Code § 17200;

xvi.   The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members;

xvii.   The nature and extent of class-wide damages.

c.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class.  Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein, in similar ways and for the same types of unpaid wages.

d.   <u>Adequacy of Representation</u>:  Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class and Class Members.  Plaintiff's interests do not conflict with those of Class and Class Members.  Counsel who represent Plaintiff are competent and experienced in litigating large wage and hour class actions, and other employment class actions, and will devote sufficient time and resources to the case and otherwise

adequately represent the Class and Class Members.

e.   <u>Superiority of Class Action</u>:   A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.   Each Class Member has been damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or practices.   Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.   Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendants have enjoyed by maintaining its unlawful compensation and non-reimbursement policies and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment.   If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendants, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

**<u>FIRST CAUSE OF ACTION</u>**
**FAILURE TO PAY FOR ALL HOURS WORKED**
**[Cal. Labor Code §§ 1194; 1194.2, and 1198]**
**On behalf of Plaintiff and the Class Against All Defendants**

57.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

58.   Section 1194 of the Labor Code provides, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than minimum wage…applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage …, including interest thereon, reasonable attorney's fees, and costs of suit.

59.   Section 1194.2 of the Labor Code provides, in relevant part:

In any action under…Section 1194 to recover wages because of the payment

of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

60.    As noted above, Plaintiff and the Class Members were only compensated for 40 hours of work each week, even if they worked for at least 60 hours weekly. While they would be paid for a few hours of overtime on some weeks, no overtime was paid on most weeks.

61.    Plaintiff and the Class Members were also not provided with second meal periods and additional rest breaks even if they worked for at least 12 hours daily. In most instances, the breaks were taken late or not given at all. As a result, Plaintiff and the Class Members are not compensated for all hours worked in violation of Labor Code § 1194.

62.    Accordingly, during the Class Period, Plaintiff and the members of the Class did not receive minimum wage for their on-duty rest and meal periods and unpaid work hours.

63.    Pursuant to sections 1194, 1194.2, and 1198 of the California Labor Code, Plaintiff and the Class are entitled to recover, either their unpaid hourly wages due, or minimum wage plus interest and/or liquidated damages in an additional amount equal to the total amount of wages unlawfully withheld during the Class Period for unpaid work hours.

64.    Pursuant to section 1194.2 of the Labor Code, Plaintiff and the Class are also entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE PAID REST PERIODS TO**
**AND PAY MISSED REST BREAK PREMIUMS**
**[Cal. Labor Code §§ 226.7; Section 12 OF IWC Wage Order No. 1]**
**On behalf of Plaintiff and the Class Against All Defendants**

65.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

66.    Section 12 of IWC Wage Order No. 1 provides: "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. *Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages*." (Emphasis added).

67.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

68.     As alleged herein,  Defendant failed to implement a lawful rest period policy that informed Plaintiff and the Class Members of their right to receive lawful rest periods for shifts greater than 3.5 hours.  Although Plaintiff and the Class Members worked for at least 12 hours per day, Defendant only provided them with two (2) 15-minute breaks. In most instances, the breaks were taken late or not given at all. To the extent that Plaintiff and the rest period aggrieved employees could stop work during their shifts, they were nonetheless on-call, and were not provided with duty-free rest periods. By failing to provide its employees paid rest periods of 10 minutes for each 4 hours of work, Defendants violated California Labor Code § 226.7, and are liable to Plaintiff and the Class.

69.     As a result of the unlawful acts of Defendants, Plaintiff and the Class were not provided paid rest breaks, and are entitled to recovery under Cal. Labor Code §226.7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide employees with paid rest periods as required by California law.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE OFF-DUTY MEAL BREAKS AND FAILURE**
**TO PAY MISSED MEAL BREAK PREMIUMS**
**[Cal. Labor Code §§ 226.7, 512]**
**On behalf of Plaintiff and the Class Against All Defendants**

70.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

71.     California Labor Code § 226.7(a) provides, "No employer shall require any

employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

72.     Section 11(A) and (B) of IWC Wage Order No. 1 provide that:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee…An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

73.     Section 11(C) of IWC Wage Order No. 1 provides that

Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an on-duty meal period and counted as time worked. An on-duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

74.     Finally, Section 11(D) of IWC Wage Order No. 1 provides that

If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

75.     As alleged herein, as a result of its meal period policies of not providing second meal periods even if Plaintiff and the Class Members work for shifts over 10 hours each day, Defendant violated Labor Code § 512 and IWC Wage Order No. 1 by failing to provide second duty-free meal periods to Plaintiff and the Class Members of 30 minutes or more., and are liable to Plaintiff and the Class.

76.     As a result of the unlawful acts of Defendants, Plaintiff and the Class were not provided timely duty-free meal breaks, and are entitled to recovery under Cal. Labor Code §226.7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period greater than 5 hours in California during each day in which Defendants failed to

provide employees with timely duty-free meal periods as required by California law.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES WITHIN A TIMELY MANNER**
**[Cal. Labor Code §§ 204]**
**On behalf of Plaintiff, and the Class Against All Defendants**

77.     Plaintiff incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

78.     Cal. Lab. Code §200 provides that "'wages' include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation."

79.     Cal. Labor Code §204 states that all wages earned by any person in any employment are payable twice during the calendar month, and must be paid not more than seven days following the close of the period when the wages were earned.

80.     Cal. Lab. Code §216 establishes that it is a misdemeanor for any person, with regards to wages due, to "falsely deny the amount or validity thereof, or that the same is due, with intent to secure himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

81.     Defendants, as a matter of established company policy and procedure, in the State of California, scheduled, required, suffered, and/or permitted Plaintiff and other members of the Class, to work during payperiods, and not compensate them for their work within seven days of the close of payroll.

82.     In addition, Defendants, as a matter of established company policy and procedure in the State of California, scheduled, required, suffered and/or permitted Plaintiff and the members of the Class, to work without compensation, work without legally compliant off-duty meal periods and rest periods, and failed to pay Plaintiff and the members of the Class, for their hours worked, meal period premiums, and rest period premiums within seven days of the close of payroll, as required by law.

83.     Defendants, as a matter of established company policy and procedure in the State of California, falsely deny they owe Plaintiff and the other members of the Class these wages, with the intent of securing for itself a discount upon its indebtedness and/or to annoy, harass, oppress, hinder, delay, and/or defraud Plaintiff and the Class Members.

84.     Defendants' pattern, practice and uniform administration of its corporate policy of illegally denying employees compensation, as described herein, is unlawful and entitles Plaintiff and members of the Class, to recover, pursuant to Cal. Lab. Code §218, the unpaid balance of the compensation owed to them in a civil action.

85.     Pursuant to Cal. Lab. Code §218.6 and to Cal. Civ. Code §§3287 (b) and 3289, Plaintiff and members of the Class, seek to recover pre-judgment interest on all amounts recovered herein.

86.     Pursuant to Cal. Lab. Code §218.5, Plaintiff and members of the Class, request that the Court award them reasonable attorneys' fees and the costs incurred by them in this action, as well as any statutory penalties Defendants' may owe under the California Labor Code and/or any other statute.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS**
**[Cal. Labor Code § 226(a) and 226.2(a)(2)(A)-(B)]**
**On behalf of Plaintiff and the Wage Statement and Penalty Subclass Against All Defendants**

87.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

88.     The actionable period for this cause of action is one year prior to the filing of this Complaint through the present, and on-going until the violations are corrected or the subclass is certified.

89.     Section 226(a) of the California Labor Code provides, in relevant part:

Every employer shall...furnish each of his or her employees...an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

deductions, provided that all -deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

90.     As set forth above, during the Class Period, due to its unlawful rest and meal period policies, Defendants failed to issue wage statements to its employees in California, including Plaintiff, that complied with Labor Code Section 226(a).

91.     Defendants' "wage statements" failed to comply with either section 226 or 226.2. First, Defendants failed to identify themselves as the employer. Second, Defendants' "wage statements" also did not include total hours worked, the total amount of time spent on rest periods & other nonproductive tasks, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code Sections 226(a) and 226.2.

92.     Defendants failure to comply with section 226(a) of the Labor Code was knowing and intentional, particularly following the issuance of *McKenzie v. Federal Express Corp*., 765 F.Supp.2d 1222, 1229 (C.D.Cal. 2011) and/or the passage of Section 226.2.

93.     As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the wage statement and penalty subclass (i.e., those members of the class who were employed by Defendants during the actionable period for this cause of action) in violation of section 226(a) of the California Labor Code, Plaintiff and the Class are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Class from Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

//

//

//

## SIXTH CAUSE OF ACTION
**WAITING TIME PENALTIES FOR
FAILURE TO PAY WAGES DUE ON TERMINATION
[Cal. Labor Code §§ 201-203]
On Behalf of Plaintiff and the Waiting Time Penalty Subclass Against All Defendants**

94.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

95.     The actionable period for this cause of action is three years prior to the filing of the Complaint through the present, and on-going until the violations are corrected, or the subclass is certified.

96.     Sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to former employees in the Class during the actionable period for this cause of action, at or around the time that their employment is terminated.

97.     Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

98.     By virtue of its unlawful meal and rest period policies, Defendants willfully failed to pay Plaintiff and other members of the Waiting Time Penalty Subclass (i.e., those members of the Class whose employment with Defendants ended the actionable period for this cause of action) who are no longer employed by Defendants for their time spent on statutory rest breaks and the other Nonproductive times prior to or upon termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202.

99.     As a result, Defendants are liable to Plaintiff and other members of the waiting time penalty subclass who are no longer employed by Defendants for waiting time penalties amounting to thirty (30) days wages for Plaintiff and each such subclass member pursuant to California Labor Code § 203. See, e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

//

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PAY ALL OVERTIME WAGES**
**(Violation of Labor Code §§ 510, 1194, and 1198, and the "Hours and Days of Work" section of IWC Wage Order No. 1)**
**By Plaintiff and the Overtime Class Against All Defendants**

100.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

101.    Labor Code § 510 provides, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."  The "Hours and Days of Work" section of the applicable IWC Wage Order mandate the same requirements.

102.    Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

103.    Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

104.    The IWC Wage Order 1-2001 defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

105.    In California, overtime is computed based on the regular rate of pay.  The regular rate of pay includes all different types of remuneration, including hourly earnings, salary,

piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

106.     Plaintiff and members of the Overtime Class regularly worked over eight hours per day and 40 hours per week while employed by Defendants.  Plaintiff and members of the Overtime Class did not receive all overtime compensation owed for all overtime hours worked over eight hours per day and/or 40 hours per week, and/or for every hour worked during the seventh day of work, at the applicable overtime rate during their employment with Defendants.

107.     Defendants failed to pay Plaintiff and members of the Overtime Class at the proper overtime rate for all the time spent working and under the control of Defendants. Defendants also failed to pay overtime compensation for all overtime hours worked over eight hours per day and/or 40 hours per week.

108.     Plaintiff and members of the Overtime Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

109.     Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

**<u>EIGHTH CAUSE OF ACTION</u>**
**FAILURE TO PROVIDE REST DAY**
**(Violation of Labor Code §§ 551 and 552)**
**By Plaintiff and the Rest Day Class Against All Defendants**

110.     Defendant failed to provide Plaintiff and the Class Members rest days in accordance with Labor Code §§ 551 and 552, which provide as follows:

551. Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven.

552.  No employer of labor shall cause his employees to work more than six days in seven.

111.     Despite these requirements under the law, Defendant made Plaintiff and the Class Members work for seven consecutive days on several workweeks without providing them with rest days, in violation of Labor Code §§ 551 and 552.  *Mendoza v. Nordstrom, Inc.*, 2 Cal. 5th 1074, 1083 (2017). Further, Plaintiff and the Class Members do not fall within any exception to Labor Code §§ 551 and 552. They are not part-time employees as defined by Labor Code §556, as each works in excess of 30 hours in a workweek, and more than 6 hours in any one day of that workweek. Further, the nature of the work does not fit within any of the exceptions illuminated in Labor Code § 554, nor does it necessarily create a need to work more than seven consecutive days. As a result, Defendant has violated Labor Code §§ 551 and 552.

**NINTH CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
**(BUS. & PROF. CODE § 17200, ET SEQ.)**
**On Behalf of Plaintiff and the Class Against All Defendants**

112.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

113.     Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.  Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.  Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

114.     Under section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years.  Accordingly, the actionable period for this cause of action is four years prior to the filing of this Complaint through the present, and on-going until the violations are corrected, or the Class is certified.

115.     Section 90.5(a) of the Labor Code states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law

from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

116.    As a direct and proximate result of Defendants' unlawful business practices, Plaintiff and the Class Members have suffered economic injuries.  Defendants have profited from its unlawful, unfair, and/or fraudulent acts and practices.

117.    Plaintiff and similarly situated Class Members are entitled to monetary relief pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid wages, unpaid meal and rest period premiums, due and interest thereon, from at least four years prior to the filing of this complaint through to the date of such restitution, at rates specified by law.  Defendants should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

118.    Through its actions alleged herein, Defendants have engaged in unfair competition within the meaning of section 17200 of the California Business & Professions Code, because Defendants' conduct, as herein alleged has damaged Plaintiff and the Class Members by wrongfully denying them wages due for all hours worked, wrongfully denying them overtime wages, wrongfully denying them missed meal and rest period premiums, and wrongfully denying them rest days, and therefore was substantially injurious to Plaintiff and the Class Members.

119.    Defendants engaged in unfair competition in violation of sections 17200 et seq. of the California Business & Professions Code by violating Sections §§201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 551, 552, 1194, 1194.2, 1197, 1197.1, 1198,  1199, as well as IWC Wage Order No. 1-2001.

120.    Defendants' course of conduct, act and practice in violation of the California laws mentioned above constitute independent violations of sections 17200 et seq. of the California Business and Professions Code.

121.    Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

122.    Plaintiff has assumed the responsibility of enforcement of the laws and public

1  policies specified herein by suing on behalf of themselves and other similarly situated Class

2  Members previously or presently employed by Defendants in California.  Plaintiff's success in this

3  action will enforce important rights affecting the public interest. Plaintiff will incur a financial

4  burden in pursuing this action in the public interest.  Therefore, an award of reasonable attorneys'

5  fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5, and Labor Code §

6  1194.

7  **TENTH CAUSE OF ACTION**
**VIOLATIONS OF THE PRIVATE ATTORNEY GENERALS ACT OF 2004**
**[Labor Code § 2698, et seq.]**

8  **On Behalf of Plaintiff and the Class Against All Defendants**

9

10  123.    Plaintiff, on behalf of himself and all aggrieved employees, realleges and

11  incorporates by reference all previous paragraphs.

12  124.    Based on the above allegations incorporated by reference, Defendants have violated

13  Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 551, 552, 1194, 1194.2, 1197,

14  1197.1, 1198, 1199, as well as IWC Wage Order No. 1-2001.

15  125.    Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and

16  all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial

17  subject to the following formula:

18  $100 for the initial violation per employee per pay period; and

19  $200 for each subsequent violation per employee per pay period.

20  These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce

21  Development Agency (LWDA) and twenty-five percent (25%) to the affected employees. These

22  penalties may be stacked separately for each of Defendants violations of the California Labor

23  Code. *See e.g. Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx) 2012 U.S.Dist.

24  LEXIS 86975, at *59, fn. 77 (C.D.Cal. June 22, 2012) (holding that although the plaintiff did not

25  seek stacked PAGA penalties, that "PAGA penalties can be 'stacked,' *i.e.,* multiple PAGA

26  penalties can be assessed for the same pay period for different Labor Code violations."); *See Lopez*

27  *v. Friant & Assocs., LLC*, No. A148849, 2017 Cal. App. LEXIS 839, at *1 (Ct. App. Sep. 26,

28  2017) ("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code

section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1) and acknowledging that a Plaintiff could recover separately under PAGA for violations of Labor Code §§ 226(a) and 226(e)); *accord Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO) 2010 U.S. Dist. LEXIS 81128, at *17 (E.D. Cal. July 14, 2010); *Pulera v. F & B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 U.S. Dist. LEXIS 72659, 2008 WL 3863489, at * 2-3 (E.D. Cal. Aug. 19, 2008); *Smith v. Brinker Intern, Inc.*, No. C 10-0213 VRW, 2010 U.S. Dist. LEXIS 54110, 2010 WL 1838726, at * 2-6 (N.D. Cal. May 5, 2010).

126.    In addition, to the extent permitted by law, Plaintiff failed to provide Plaintiff and all aggrieved employees with accurate itemized wage statements in compliance with Labor Code § 226(a). Plaintiff seeks separate PAGA penalties for Defendants' violations of Labor Code §§ 226(a) and 226(e). *Lopez v. Friant & Assocs., LLC*, 15 Cal.App.5th 773, 788 (2017); *Bell v. Home Depot U.S.A.* (E.D. Cal. Dec. 11, 2017) No. 2:12-cv-02499 JAM-CKD, 2017 U.S. Dist. LEXIS 204493, at *5 [finding after Friant that "[t]o the extent the Court's Order [granting summary judgment to Home Depot] was ambiguous, the Court now clarifies that it granted summary judgment on Plaintiffs' derivative claim for [PAGA] penalties under section 226(e)…the Court's Order should not be read to grant summary judgment on Plaintiffs' claim for PAGA penalties based on violation of section 226(a)."]). For violations of Labor Code § 226(a), Plaintiff seeks the default penalty provided by Labor Code § 226.3. Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." Accordingly, through PAGA and to the extent permitted by law Plaintiff and the aggrieved employees are entitled to recover penalties for violations of Labor Code § 226.3 and seeks default PAGA penalties for each of Defendants' numerous violations of Labor Code § 226(e).

127.    Pursuant to Labor Code § 2699.3 (a), on July 20, 2021, Plaintiff gave written notice by certified mail to Defendant, and to the LWDA of his claims for violations of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 551, 552, 1194, 1194.2, 1197, 1197.1, 1198, 1199, as well as IWC Wage Order No. 1-2001, and theories supporting these claims as alleged herein.  As of the date of this Complaint, the LWDA has not responded to Plaintiff's PAGA letter. Accordingly, Plaintiff has fulfilled all administrative prerequisites to the filing and pursuit of his PAGA claims on himself and all other current and former Aggrieved Employees of Defendant.

128.    As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 2699, et seq. because of Defendants' violation of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 551, 552, 1194, 1194.2, 1197, 1197.1, 1198,  1199, as well as IWC Wage Order No. 1-2001.

**JURY DEMAND**

129.    Plaintiff hereby demands trial by jury of her and the Class's claims against Defendants.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and the members of the Class, pray for judgment against Defendants as follows:

1.    An Order than this action may proceed and be maintained as a class action;

2.    On the First Cause of Action:

a.    A declaratory judgment that Defendants violated sections 1194, 1194.2, and 1198 of the California Labor Code by failing to pay Plaintiff and other members of the Class hourly and separately for all of their time spent working during the class period;

b.    An award to Plaintiff and other members of the Class in the amount of their unpaid wages owed to them for all of their time spent working, plus interest and/or liquidated damages during the class period;

c.    An award to Plaintiff and the other members of the Class in the amount of

their unpaid wages owed to them for all of their time spent working during the class period, plus interest; and/or liquidated damages;

        d.    An award to Plaintiff and the Class Members of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, section 1194 of the California Labor Code and section 1021.5 of the California Code of Civil Procedure;

    3.    <u>On the Second Cause of Action</u>:

        a.    A declaratory judgment that Defendants violated California Labor Code § 226.7, and Section 12 of IWC Wage Order No. 1-2001;

        b.    Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay for each day that a paid rest period was not provided during the Class Period;

    4.    <u>On the Third Cause of Action</u>

        a.    A declaratory judgment that Defendants violated California Labor Code §§ 226.7 and 512, and Section 11 of IWC Wage Order No. 1-2001;

        b.    Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay for each day that an off-duty meal period was not provided during the Class Period;

    5.    <u>On the Fourth Cause of Action</u>

        a.    A declaratory judgment that Defendants violated California Labor Code §204 by paying Plaintiff, and the Class more than seven days after the close of payroll.

        b.    For compensatory damages, including lost wages, bonuses, and other losses, according to proof,

        c.    For general damages, according to proof;

        d.    For an award of interest, including prejudgment interest at the legal rate;

        e.    For statutory damages, including reasonable attorneys' fees and costs of suit.

    6.    <u>On the Fifth Cause of Action</u>:

a.   A declaratory judgment that Defendants violated California Labor Code §226 by issuing inaccurate and/or incomplete wage statements that failed to include total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate to Plaintiff and the wage statement and penalty subclass members;

b.   An award to Plaintiff and Class Members of $50 for each initial pay period, one year prior to the filing of this Complaint through the date of trial, in which a violation of Section 226 occurred and $100 for each subsequent pay period, one year prior to the filing of this Complaint through the date of trial,  in which a violation of Section 226 occurred, not to exceed $4,000 for each member of the Class, as well as an award of costs and reasonable attorney's fees, pursuant to Labor Code § 226(e).

7.   <u>On the Sixth Cause of Action:</u>

a.   A declaratory judgment that Defendants violated California Labor Code §§ 201 through 203;

b.   Pursuant to Cal. Labor Code §§ 201 through 203, an award to Plaintiff and the Waiting Time Penalty Subclass members for waiting time penalties in the amount of 30 days' wages per waiting time penalty subclass Class Member.

8.   <u>On the Seventh Cause of Action:</u>

a.   A declaratory judgment that Defendants violated sections 510, 1194, 1194.2 of the California Labor Code by failing to pay Plaintiff and other members of the Overtime Class for all compensation for all hours worked in excess of eight hours in a day or forty hours in a workweek at the proper overtime rate;

b.   An award to Plaintiff and the other members of the Overtime Class in the amount of their unpaid overtime compensation owed to them plus interest; and/or liquidated damages;

c.   An award to Plaintiff and the Overtime Class Members of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, section 1194 of

1  the California Labor Code and section 1021.5 of the California Code of Civil Procedure;

2      9.     On the Eighth Cause of Action:

3          a.     A declaratory judgment that Defendants violated California Labor Code §§

4  551 and 552;

5          b.     An award to Plaintiff and Class Members of $50 for each initial pay period,

6  one year prior to the filing of this Complaint through the date of trial, in which violations of

7  Sections 551 and 552 occurred and $100 for each subsequent pay period, one year prior to the

8  filing of this Complaint through the date of trial,  in which violations of Section 551 and 552

9  occurred, as well as an award of costs and reasonable attorney's fees, pursuant to Labor Code §

10  558;

11      10.     On the Ninth Cause of Action:

12          a.     That the Court find and declare that Defendants have violated the UCL and

13  committed unfair and unlawful business practices by failing to pay Plaintiff and Class Members on

14  a separate and hourly basis for their rest break time, all wages and overtime wages owed,  by

15  failing to pay missed meal and rest break premiums, and by failing to provide rest days;

16          b.     Restitution, including, but not limited to, the relief permitted by sections

17  1194, 221, 223, 226.7, 551, and 552 of the California Labor Code (i.e., pay as specified for all

18  hours worked, rest days that were not provided, and time spent on rest periods by Plaintiff and the

19  members of the Class during the Class Period), as well as a disgorgement of all profits associated

20  with Defendants' unlawful policies as described above;

21      11.     On the Tenth Cause of Action:

22          a.     For penalties and other relief allowable under Labor Code § 2699, *et seq*. for

23  Plaintiff and all aggrieved employees because of Defendants' violation of Labor Code §§ 201, 202,

24  203, 204, 210, 226, 226.3, 226.7, 510, 512, 551, 552, 1194, 1194.2, 1197, 1197.1, 1198,  1199, as

25  well as IWC Wage Order No. 1-2001;

26          b.     A civil penalty against Defendants in the amount of $100 for the initial

27  violation and $200 for each subsequent violation as specified in section 2699(f)(2) of the

28

California Labor Code for Plaintiff and all aggrieved employees for each and every pay period during that occurred between July 20, 2020 through trial;

        c.    A civil penalty against Defendants, pursuant to Labor Code § 1197.1 for the initial violation that is intentionally committed, in the amount of one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid and for each subsequent violation, two hundred fifty dollars ($200) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation was intentionally committed, for Plaintiff and all aggrieved employees for each and every payperiod during that occurred between July 20, 20208 through trial;

        d.    A civil penalty against Defendants pursuant to Labor Code § 210 for the initial violation that is committed, in the amount of one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid and for each subsequent violation, two hundred dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid, for Plaintiff and all aggrieved employees for each and every payperiod during that occurred between July 20, 2020 and the date of judgment and/or approval of settlement;

        e.    A civil penalty against Defendants pursuant to Labor Code § 226.3 for the initial violation that is committed, in the amount of two hundred fifty dollars ($250) for the initial each inaccurate wage statement provided to Plaintiff and the Aggrieved Employees and for each subsequent violation, one thousand dollars ($1000) for each underpaid employee for each pay period for which the employee is provided an incomplete or inaccurate wage statement, for Plaintiff and all aggrieved employees for each and every pay period during that occurred between July 20, 2020 and the date of judgment and/or approval of settlement;

        f.    An award of reasonable attorney's fees against Defendants as specified in Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection with the PAGA claims;

g.     An award of all costs incurred by the undersigned counsel for Plaintiff in connection with Plaintiff's and the aggrieved employees' claims against Defendants as provided for in Labor Code § 2699(g)(1);

12.    All other relief as this Court deems proper.

Dated: September 28, 2021         Respectfully,

POTTER HANDY LLP.

*James Treglio*

By:   James M. Treglio
        Counsel for Plaintiff and the Putative Class